Jayne S. Robinson
ROBINSON & MCDONALD LLP
61 Broadway
Suite 1415
New York, NY 10006
Phone (212) 953-3888
Fax (212) 953-3690



ECF CASE

Attorneys for Plaintiff Sancom, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

SANCOM, INC.,

                    Plaintiff,

v.

AT&T CORP.,

                    Defendant.

-----------------------------------------------------------x

Civil Action No. _____

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Sancom, Inc., by its undersigned counsel, as and for its Complaint against the Defendant, AT&T Corp., alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendant to recover on an account for failure of Defendant to pay to Plaintiff the amounts due under federal and state tariffs for the provisioning of originating and terminating telephone access services.

## THE PARTIES

2.  Plaintiff, Sancom, Inc., is a corporation organized and existing under the laws of South Dakota, with its principal place of business in Mitchell, South Dakota.

3.  Upon information and belief, Defendant, AT&T Corp., is organized and exists under the laws of the State of New York with its principal place of business in the State of New Jersey.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Communications Act of 1934 and the Federal Communication Commission's implementing rules and regulations and pursuant to 28 U.S.C. § 1332 inasmuch as there is diversity of citizenship between Plaintiff, which is a corporation organized and existing under the laws of the State of South Dakota, and Defendant, which is a corporation that is incorporated and has its principal places of business in a state other than South Dakota. More than $75,000.00 is at issue, exclusive of interest and costs.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c) because Defendant resides in this judicial district.

## FACTUAL ALLEGATIONS

6.  The Plaintiff is a competitive local exchange carrier ("CLEC") which provides telephone and other services through wires to the homes and businesses of its customers. Plaintiff also provides originating and terminating access services to long distance companies, which allow the long distance companies to transmit long distance calls even though they do not own or lease the telephone lines that connect to the users' telephones.

7.     Defendant is an interexchange (i.e., long distance) carrier which provides long distance service.

8.     Defendant utilized the originating and terminating services provided by Plaintiff.

9.     Since January 1, 2008, Plaintiff has billed Defendant, on a monthly basis, for its use of Plaintiff's services in accordance with the applicable rates set forth in its tariffs filed with the Federal Communications Commission ("FCC") and the South Dakota Public Utilities Commission ("Commission"), totaling the sum of at least $5,733,162.90, plus interest and applicable fees.

10.    Defendant has failed and refused and continues to fail and refuse to pay the invoices despite demand by Plaintiff. As a result of such failure, Defendant is indebted to Plaintiff in the sum of at least $5,733,162.90, plus interest and applicable fees.

## COUNT I
## BREACH OF CONTRACT

11.    Plaintiff realleges the preceding paragraphs of the Complaint as if set forth fully herein.

12.    Pursuant to state and federal regulations, Plaintiff has filed tariffs with both the Commission and the FCC, which tariffs have the force and effect of law and the terms of which constitute valid and binding contracts.

13.    Plaintiff has invoiced Defendant pursuant to rates as set forth in its respective federal and state tariffs as outlined above.

14.    Defendant failed and refused to pay those amounts invoiced to it by the Plaintiff, constituting a breach of contract.

15.    As a result of Defendant's breach of Plaintiff's tariff, Plaintiff has suffered damages in the amount of at least $5,733,162.90, plus interest and applicable fees

## COUNT II
## BREACH OF IMPLIED CONTRACT RESULTING FROM
## VIOLATION OF TARIFFS

16.     Plaintiff realleges the preceding paragraphs of the Complaint as if set forth fully herein.

17.     The Plaintiff has validly filed tariffs with both the FCC and the Commission in accordance with the Federal Communications Act and applicable South Dakota law.

18.     Plaintiff has supplied services and submitted invoices to Defendant pursuant to its filed tariffs for services provided, which constitutes an implied contract.

19.     Defendant has failed and refused and continues to fail and refuse to pay the invoices. Defendant's actions constitute a material uncured breach of the tariff and of the implied contract among the parties resulting from the filed tariffs.

20.     As a result of Defendant's breach of Plaintiff's tariff, Plaintiff has suffered damages in the amount of at least $5,733,162.90, plus interest and applicable fees.

## COUNT III
## VIOLATION OF SECTION 201 OF THE
## COMMUNICATIONS ACT, 47 U.S.C. § 201

21.     Plaintiff realleges the preceding paragraphs of the Complaint as if set forth fully herein.

22.     Defendant is required to pay Plaintiff's switched access charges as set forth in its federal tariffs.

23.     Defendant has failed to pay Plaintiff the amounts due under the tariffs.

24.     Section 201(b) of the Communications Act, 47 U.S.C. § 201 imposes upon common carriers the duty that their practices in connection with communication services be "just and reasonable," and provides that all unjust and unreasonable practices are unlawful.

25. Defendant has engaged in unreasonable, unjustified, and unlawful self-help by refusing to pay to Plaintiff the access charges that Defendant lawfully owes.

26. Defendant's refusal to pay the lawful access charges associated with services it has taken, and continues to take, from Plaintiff constitutes an unreasonable practice in violation of Section 201(b) of the Act and the FCC's implementing decisions.

27. As a result of Defendant's breach of Plaintiff's tariff, Plaintiff has suffered damages in the amount of at least $5,722,657.64, plus interest and applicable fees.

28. Because Defendant's conduct is willful and malicious and includes, *inter alia*, an intentional refusal to abide by filed tariffs, disregard of controlling orders of the FCC and illegal self-help, Plaintiff is entitled to an award of punitive damages.

29. Because Defendant's conduct constitutes a violation of Section 201(b) of the Act, Plaintiff is entitled to recover its reasonable attorneys' fees pursuant to Section 206 of the Act, 47 U.S.C. § 206.

## COUNT IV
## VIOLATION OF SECTION 203 OF THE COMMUNICATIONS ACT, 47 U.S.C. § 203

30. Plaintiff realleges the preceding paragraphs of the Complaint as if set forth fully herein.

31. Defendant is required to pay Plaintiff's switched access charges as set forth in its federal tariffs.

32. Defendant has failed to pay Plaintiff the amounts due under the tariffs.

33. Section 203 of the Communications Act, 47 U.S.C. § 203, imposes upon common carriers the duty to file tariffed rates for regulated communications services, and to pay the tariffed rates for such services. Section 203(c) states that no carrier shall "charge, demand,

collect, or receive a greater or less compensation, for such communications [than the tariffed rate]."

34. Defendant has engaged in an unreasonable practice of refusing to pay Plaintiff its tariffed rates for the access services it has utilized, thereby "demanding" and "receiving" a rate less than the tariffed rate, in violation of Section 203(c) of the Act and the FCC's implementing decisions.

35. As a result of Defendant's breach of Plaintiff's tariff, Plaintiff has suffered damages in the amount of at least $5,722,657.64, plus interest and applicable fees.

36. Because Defendant's conduct us willful and malicious and includes, *inter alia*, an intentional refusal to abide by filed tariffs, disregard or controlling orders of the FCC and illegal self-help, Plaintiff is entitled to an award of punitive damages.

37. Because Defendant's conduct constitutes a violation of Section 201(b) of the Act, Plaintiff is entitled to recover its reasonable attorneys' fees pursuant to Section 206 of the Act, 47 U.S.C. § 206.

## COUNT V
## COLLECTION ACTION PURSUANT TO STATE TARIFF

38. Plaintiff realleges the preceding paragraphs of the Complaint as if set forth fully herein.

39. Plaintiff has provided intrastate switched access services to Defendant. Defendant is required to pay Plaintiff's access charges as set forth in its state tariff.

40. Defendant has failed to pay Plaintiff the amounts due under the tariffs.

41. As a result of Defendant's breach of Plaintiff's tariff, Plaintiff has suffered damages in the amount of at least $10,505.26, plus interest and applicable fees.

## COUNT VI
## UNJUST ENRICHMENT

42. Plaintiff realleges the preceding paragraphs of the Complaint as if set forth fully herein.

43. Plaintiff originated and terminated long distance calls for Defendant. This conferred a benefit upon Defendant because Defendant was able to collect from its customers for providing long distance service. Defendant has not paid Plaintiff for providing such services.

44. It would be inequitable for Defendant to retain the benefit of the services provided by Plaintiff without properly compensating Plaintiff for the value of the services provided.

45. Pursuant to the equitable doctrines of quantum meruit and unjust enrichment, Plaintiff is entitled to payment from Defendant for the amount set forth in the invoices.

WHEREFORE, Plaintiff request judgment against Defendant as follows:

1. Damages incurred by Plaintiff as a result of Defendant's wrongful conduct in the amount of at least $5,733,162.90, plus interest and applicable fees or such amount as is proven at trial of this matter;

2. For pre-judgment interest, post-judgment interest, and the costs of this action;

3. Award Plaintiff reasonable attorneys' fees and the costs of this action, pursuant to 47 U.S.C. § 206;

4. Award Plaintiff punitive damages as a result of Defendant's willful, wanton, malicious and reckless behavior;

5. Issue a preliminary and permanent injunction barring Defendant from continuing to engage in the conduct alleged herein and directing

Defendant to pay access charges in the future if Defendant continues to use Plaintiff's services; and

6. For such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues triable of right by jury.

Dated: New York, New York
August 4, 2008

Respectfully submitted,

ROBINSON & MCDONALD LLP

By: _____
Jayne S. Robinson
61 Broadway
Suite 1415
New York, NY 10006
Telephone: (212) 953-3888
Fax: (212) 953-3690
Jayne@robinsonmcdonald.com

Attorneys for Plaintiff Sancom, Inc.

Of counsel:

Ross A. Buntrock
Michael B. Hazzard
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
1401 Eye Street, N.W.
Seventh Floor
Washington, DC 20005
Phone (202) 467-6900
Fax (202) 467-6910

WCSR 3950242v1